IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDA MORKAL,

        Plaintiff,

    v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, aka Freddie
Mac, a government sponsored
enterprise; RECONTRUST
COMPANY, N.A.; and BANK OF
AMERICA, N.A.,

        Defendants.

Case No. 6:12-cv-01401-AA
OPINION AND ORDER

---

Anthony V. Albertazzi
Joseph M. Harder
The Albertazzi Law Firm
300 S.W. Columbia Street, Suite 203
Bend, Oregon 97702
    Attorneys for plaintiff

James P. Laurick
Kilmer Voorhees & Laurick, PC
732 N.W. 19th Avenue
Portland, Oregon 97209
    Attorney for defendants


Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), ReconTrust Company, N.A. ("ReconTrust"), and Bank of America, N.A. ("BANA") move to dismiss plaintiff Linda Morkal's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants also move for judicial notice of certain publicly-filed documents. For the reasons set forth below, defendants' motions are granted.

## BACKGROUND

In 2005, plaintiff and her now deceased husband took out a loan in the amount of $110,000 to purchase a residential property in La Pine, Oregon ("Property"). Pursuant to this transaction, plaintiff executed a Promissory Note ("Note"), which was secured by a Deed of Trust ("DOT"). The DOT identified plaintiff as the borrower, Quicken Loans, Inc. as the lender, Orange Coast Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Under the DOT, plaintiff agreed to make monthly mortgage payments as required under the Note. Plaintiff also agreed that she would be in default, and subject to foreclosure, if she failed to make such payments.

After her husband's death on April 10, 2010, plaintiff stopped making loan repayments as required by the Note and DOT. On April 11, 2011, MERS assigned its interest in the DOT to BAC Home Loans

Page 2 - OPINION AND ORDER

Servicing, LP, FKA Countrywide Home Loans Servicing LP, a
subsidiary of BANA; BAC Home Loans Servicing subsequently
transferred the servicing rights of plaintiff's loan to BANA.

On July 18, 2011, BANA appointed ReconTrust as successor
trustee under the DOT. That same day, ReconTrust recorded a Notice
of Default and Election to Sell the Property. At some unspecified
time thereafter, plaintiff contacted BANA to request the amount
needed to cure her default. On December 29, 2011, BANA responded
with two reinstatement calculations, each articulating a different
amount. By December 30, 2011, plaintiff had secured funds
necessary to fulfill the higher reinstatement calculation and
communicated an intent to cure her default, but nonetheless did not
furnish payment to BANA. The trustee's sale was held on January 3,
2012, after which ReconTrust conveyed the Property to Freddie Mac.
The Trustee's Deed was recorded on January 20, 2012, in Deschutes
County, Oregon.

On June 6, 2012, plaintiff filed a complaint in the Deschutes
County Circuit Court alleging violations of the Oregon Trust Deed
Act ("OTDA")[1] based on: (1) MERS' role as beneficiary and
assignment of the DOT; and (2) BANA's prevention of or interference
with her attempts to reinstate her loan. On July 26, 2012,

---

[1] As the parties acknowledge, the OTDA's statutory
provisions were renumbered in 2013 after plaintiff initiated this
lawsuit; the Court's citations are to the most recent statutory
version.

Page 3 - OPINION AND ORDER

plaintiff recorded a lis pendens in the Deschutes County Circuit Court.  On August 3, 2012, defendants removed plaintiff's case to this Court.  On February 20, 2013, defendants filed a motion to dismiss plaintiff's complaint and expunge the Deschutes County lis pendens.

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).  Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).  Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

Defendants argue that plaintiff's complaint should be

Page 4 - OPINION AND ORDER

dismissed because she is statutorily barred from challenging a completed non-judicial foreclosure. In addition, defendants contend that plaintiff's claim concerning MERS should be dismissed because MERS' status as beneficiary did not invalidate the foreclosure. In response, "plaintiff voluntarily dismisses her claim pertaining to MERS' involvement in the foreclosure process." Pl.'s Resp. to Mot. Dismiss 12. Plaintiff asserts, however, that the OTDA does not bar her remaining claim, as defendants' alleged wrongdoing is the type of conduct the OTDA was intended to prevent.

I.   Preliminary Matters

The Court addresses two issues before reaching the merits of plaintiff's claim. First, to support their motion to dismiss, defendants move for judicial notice of several public documents. Second, plaintiff requests that the Court consider the new allegations she submitted, via declaration, in evaluating whether dismissal is appropriate; in the alternative, she seeks leave to amend.

A.   Request for Judicial Notice

Defendants move for judicial notice of: (1) the Notice of Default and Election to Sell and Proof of Compliance; (2) the Trustee's Deed; and (3) the lis pendens. See Defs.' Mot. Jud. Notice 3; Laurick Decl. Exs. A-C. Plaintiff did not file an opposition to defendants' request for judicial notice. Because the

Page 5 - OPINION AND ORDER

documents that defendants seek judicial notice of are part of the
public record, such that their accuracy cannot reasonably be
questioned, judicial notice is proper.  See Fed. R. Evid. 201(b);
see also Santa Monica Food Not Bombs v. City of Santa Monica, 450
F.3d 1022, 1025 n.2 (9th Cir. 2006) (facts contained in public
records are ordinarily considered appropriate subjects for judicial
notice).  Therefore, defendants' request for judicial notice is
granted.

    B.   Plaintiff's Declaration

In opposing defendants' motion, plaintiff submitted a
declaration setting forth new facts beyond those alleged in her
complaint.  Specifically, plaintiff asserts:

> (1) "[s]hortly after I began receiving my social security
> and disability benefits, I sought to cure any purported
> default relating to the Property [and] began contacting
> [BANA]";

> (2) on November 30, 2011, she received a letter from
> Christian Bernal, a customer relations manager at BANA,
> and subsequently communicated with him via telephone
> several times to determine the amount needed to reinstate
> her loan;

> (3) sometime in early December, 2011, she "received the
> 'Reinstatement Calculation' indicating it was 'good' for
> a certain amount of time [which] was very short [and the
> amount requested was] quite a bit higher than
> anticipated"; "I had to secure the additional funds
> relating to the fees but by the time I was able to secure
> them, the 'Reinstatement Calculation' was no longer
> 'good' and I had to start the process over";

> (4) on December 15, 2011, "I again contacted Mr. Bernal

Page 6 - OPINION AND ORDER

to inform him I had never received the 'Reinstatement Calculation' he said it was in transit" approximately a week ago . . . I did not receive a corresponding 'Reinstatement Calculation' until December 29, 2011";

(5) "[o]n December 29, 2011, I called Mr. Bernal [and asked] if I might have more time as I currently had funds available to pay the lower 'Reinstatement Calculation' but would need more time to secure funds sufficient to cover the greater 'Reinstatement Calculation,'" which was approximately $340 higher; Mr. Bernal told her to "call Freddie Mac regarding the confusion and/or potential extension of the deadline to pay the purported default";

(6) by December 30, 2011, she was able to obtain a cashier's check sufficient pay the higher reinstatement amount and called "Freddie Mac and spoke with 'Monica,'" who plaintiff informed "of the confusion and my readiness, willingness, and ability to pay the purported default amount"; "'Monica' informed me that if my Property was 'foreclosed,' she would see that it was 'reversed' and would give me until the following Friday, January 6, 2012, to submit my cashier's check";

(7) she called Monica on January 2, 2012, and notified her that she "had obtained a cashier's check in the amount equal to the greater 'Reinstatement Calculation.' 'Monica' told me to 'sit tight'";

(8) despite leaving several messages, she was unable to reach Monica again until January 27, 2012, and "faxed her a copy of my cashier's check later that day."

Morkal Decl. ¶¶ 5, 7-10, 12-15.

Initially, the Court notes that these new allegations do not directly address many of the alleged deficiencies raised in defendants' motion to dismiss. Regardless, "'new' allegations contained in the [plaintiff's] opposition . . . are irrelevant for

Rule 12(b)(6) purposes." <u>Schneider v. Cal. Dep't of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1990).  In evaluating defendants' motion, the Court cannot consider materials beyond the pleadings and therefore disregards the new factual allegations first articulated in plaintiff's declaration.  Finally, plaintiff's request to amend her complaint, via her response brief, is denied. <u>See</u> LR 7-1(b) ("[m]otions may not be combined with any response, reply, or other pleading").

II.  <u>Motion to Dismiss</u>

Plaintiff alleges that defendants violated the OTDA because she made "numerous requests to [BANA] regarding the amount needed to cure the [d]efault" and BANA "did not adequately or timely respond." Compl. ¶¶ 25-26.  Plaintiff asserts further that, "[o]n December 29, 2011, the fifth day before the scheduled trustee's sale, . . . [BANA] sen[t] numerous correspondences via fax[,] [which] taken together, were untimely, vague, ambiguous, and confusing and did not provide a clear understanding of the amount needed to cure the Default." <u>Id.</u> at ¶¶ 27, 29.  According to plaintiff, BANA's actions "effectively prevent[ed] [her] from curing the Default . . . at least five (5) days prior to the Sale Date." <u>Id.</u> at ¶ 33.

"Where a trustee has commenced [non-judicial] foreclosure [the borrower] may cure the default or defaults at any time prior to five days before the date last set for the sale." Or. Rev. Stat §

Page 8 - OPINION AND ORDER

86.778. The OTDA, however, bars a borrower from challenging a non-judicial foreclosure after it has been completed if the borrower received notice in accordance with Or. Rev. Stat. § 86.764 and Or. Rev. Stat. § 86.774, the property is sold to a bona fide purchaser, and the trust deed is recorded. Or. Rev. Stat. § 86.797(1); Mikityuk v. N.W. Tr. Servs., Inc., 952 F.Supp.2d 958, 966-70 (D.Or. 2013); see also Or. Rev. Stat. § 86.764; Or. Rev. Stat. § 86.774 (notice must be provided under Or. Rev. Stat. § 86.771 at least 120 days before the foreclosure sale); Or. Rev. Stat. § 86.771 (outlining the requirements of the notice, including a statement of the amount owed to cure the default and the rights existing under Or. Rev. Stat § 86.778); Or. Rev. Stat. § 86.803 (defining a bona fide purchaser).

Plaintiff does not dispute she received adequate statutory notice of the foreclosure or that the sale of the Property was completed and recorded before she filed this lawsuit. Instead, plaintiff argues that defendants prevented her from curing her default and Freddie Mac was not a bona fide purchaser because it knew, prior to the sale, of her attempts to reinstate the loan. Moreover, plaintiff contends that cases, such as Mikityuk, holding that the OTDA precludes post-sale challenges do not apply because those "cases involved a technical challenge to the notice itself relating to the involvement of MERS." Pl.'s Resp. to Mot. Dismiss 12. As such, plaintiff phrases the issue as whether she was

Page 9 - OPINION AND ORDER

"denied a meaningful opportunity to exercise . . . her right to reinstatement[,] [which] is a question of fact." Id. at 9-10 (citing Moore v. Wells Fargo Bank, NA, 2013 WL 3965313, *2-3 (D.Or. Aug. 1, 2013)).

Plaintiff's argument is unpersuasive. As in Mikityuk, plaintiff here failed to challenge the non-judicial foreclosure proceeding before the sale occurred and the trustee's deed was recorded. In fact, while not dispositive, plaintiff's new allegations reveal that she lacked funds sufficient to cure her default at the time each reinstatement calculation was furnished. Further, this case is distinguishable from Moore. The plaintiffs in Moore contacted the bank immediately after receiving statutory notice and remained in contact to determine the amount needed to cure their default; despite speaking to several bank representatives over a period of months, the bank never provided the plaintiffs with a reinstatement calculation prior to the foreclosure sale. Here, unlike Moore, plaintiff recognizes that BANA sent her numerous reinstatement calculations, including the two received on the fifth day prior to the foreclosure sale. Although she alleges these calculations were "untimely, vague, and ambiguous," and that she "was ready, willing, and able to cure the Default," the fact remains that she never furnished payment within the time specified by Or. Rev. Stat § 86.778. Compl. ¶¶ 29-30.

Additionally, plaintiff did not attempt to cure her default in

Page 10 - OPINION AND ORDER

accordance with the OTDA, which requires borrowers to request cure amounts from the trustee, in writing, "not later than 15 days before the date of a sale of property." Or. Rev. Stat. § 86.786; see also Or. Rev. Stat. § 86.789. As defendants observe, plaintiff "makes no affirmative claim that her request was at least 15 days prior to the date of the sale [and she] fails to state whether her request was in writing . . . to ReconTrust, the trustee." Defs.' Mem. in Supp. of Mot. Dismiss 10-11; see also Compl. ¶¶ 22-33. Furthermore, "[p]laintiff does not allege a written offer of tender." Defs.' Reply to Mot. Dismiss 8 (citing Malan v. Tipton, 349 Or. 638, 641, 247 P.3d 1223 (2011); Or. Rev. Stat. § 86.778; Or. Rev. Stat. § 81.010).

Lastly, plaintiff has not cited to, and the Court is not aware of, any authority indicating that a subsequent purchaser's awareness of a borrower's attempt or desire to cure his or her default strips it of its bona fide purchaser status, especially where, as here it is undisputed that defendants provided statutory notice. See Or. Rev. Stat. § 86.803. Regardless, the Court "does not have jurisdiction to expunge the Deschutes County's records." Glaab v. Wells Fargo Home Mortg., Inc., 2012 WL 5304148, *2 (D.Or. Oct 23, 2012). As such, even assuming the Court was dismissing plaintiff's complaint with prejudice, defendants' request to rescind plaintiff's lis pendens is denied.

Page 11 - OPINION AND ORDER

**CONCLUSION**

Defendants' motion for judicial notice (doc. 14) is GRANTED. Defendants' motion to dismiss (doc. 11) is also GRANTED, except as to their request that plaintiff's lis pendens be nullified, which is DENIED.  Any motion to amend the complaint is due within thirty days of the date of this opinion.

IT IS SO ORDERED.

Dated this ___8th___ day of ~~April~~ *May* 2014.


Ann Aiken
United States District Judge

Page 12 - OPINION AND ORDER